1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LARRY A SERMENO,                           No.  2:  17-cv-00745 GEB KJN P

12                  Plaintiff,

13        v.                                    ORDER

14   M. IRMER, et atl.,

15                  Defendants.

16

17        Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21   Accordingly, the request to proceed in forma pauperis will be granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

27   payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
§ 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a
governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
formulaic recitation of the elements of a cause of action;" it must contain factual allegations
sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific
facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what
the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93
(2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).
In reviewing a complaint under this standard, the court must accept as true the allegations of the

2

1   complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most

2   favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

3   grounds, Davis v. Scherer, 468 U.S. 183 (1984).

4          Named as defendants are three Butte County Superior Court Deputy Clerks, M. Irmer, A.

5   Irmer and K. Flener.  Plaintiff alleges that in March 2016 and July 2016, defendants M. Irmer and

6   A. Irmer refused to file documents he submitted to the court for filing, and instead returned them

7   to plaintiff.  Plaintiff alleges that this conduct violated his constitutional right to access the courts.

8   Plaintiff alleges that defendant Flener failed to properly train defendants M. Irmer and A. Irmer.

9   Plaintiff also alleges that in September 2016, legal documents he sought to file in support of a

10  habeas corpus petition to initiate parentage/paternity proceedings in the Butte County Superior

11  Court were wrongly returned to him.  Plaintiff seeks money damages and injunctive relief.

12         Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey,

13  518 U.S. 343, 346 (1996).  However, the right is limited to direct criminal appeals, habeas

14  petitions challenging the validity of convictions, and civil rights actions.  Id., at 354.  Further, in

15  order to state a claim for the denial of court access, a prisoner must establish that he suffered an

16  actual injury.  Id. at 349.  "[A]ctual injury [is] actual prejudice with respect to contemplated or

17  existing litigation, such as the ability to meet a filing deadline or to present a claim."  Id. at 348.

18  The prisoner "must identify a 'nonfrivolous,' 'arguable' underlying claim" and the specific

19  remedy he lost, in order to give the defendant fair notice of his allegations.  Christopher v.

20  Harbury, 536 U.S. 403, 415 (2002) (quoting Lewis, 518 U.S. at 353 & n.3).

21         While plaintiff alleges that defendants A. Irmer and M. Irmer refused to file his legal

22  documents, plaintiff does not describe these documents.  The complaint does not establish the

23  nature of those documents or demonstrate whether they were "direct criminal appeals, habeas

24  petitions, or civil rights actions," if at all.  Nor does plaintiff's complaint establish how the

25  defendants' actions rendered the state court remedies ineffective.  Instead, the complaint merely

26  makes conclusory statements outlining defendants alleged culpable behavior, namely that

27  defendants failed to file documents and returned them to plaintiff.  These allegations are not

28  sufficient to state a claim.

3

1     Plaintiff also alleges that documents regarding a paternity action were wrongly returned to

2  him.  While plaintiff does not allege that any defendant was involved in this alleged deprivation,

3  the right to access the courts does not include the right to file paternity actions.

4     The undersigned also observes that court clerks have absolute quasi-judicial immunity

5  from damages for civil rights violations when they perform tasks that are an integral part of the

6  judicial process.  Mullis v. U.S. Bankr. Ct. For the D. Of Nev., 828 F.2d 1385, 1390 (9th Cir.

7  1987); see also Morrison v. Jones, 607 F.2d 1269, 1273 (9th Cir. 1979).  Clerks qualify for quasi-

8  judicial immunity unless they acted in the clear absence of jurisdiction.  Mullis, 828 F.2d 1385.

9  In Mullis, a debtor brought a civil rights action against bankruptcy court clerks.  The debtor

10  alleged that the bankruptcy court clerks accepted and filed his bankruptcy petition, but then

11  refused to accept and file an amended petition in violation of his constitutional rights.  The Ninth

12  Circuit held that the court clerks' refusal to accept and file an amended petition was a basic and

13  integral part of the judicial process, and as such, the clerks were entitled to quasi-judicial

14  immunity from damages.  Id.

15     Here, while plaintiff claims that defendants refused to file his documents, plaintiff fails to

16  explain the details surrounding the refusal.  Nonetheless, the defendants' decisions regarding

17  whether to accept and file documents is a basic and integral part of the judicial process.

18  Plaintiff's complaint therefore makes no allegations that would suggest that the defendants acted

19  outside of their role as court clerks.  They are therefore entitled to immunity from plaintiff's claim

20  for damages.  Mullis, 828 F.2d at 1390; see also Juarez v. Clerk, 2009 WL 385796 at *1 (N.D.

21  Cal. Feb. 13, 2009) (district court clerk was entitled to absolute quasi-judicial immunity for

22  allegedly failing to send plaintiff court opinion denying his previously filed federal case); White

23  v. Dep't of Corrs., 2008 WL 5246161 at *3 (E.D. Cal. Dec. 15, 2008) (California Supreme Court

24  clerk is immune from damages for allegedly refusing to give plaintiff's court documents to

25  magistrate judge).

26     For the reasons discussed above, plaintiff's complaint is dismissed with leave to amend.

27     If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

28  about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v.

4

1  <u>Goode</u>, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each

2  named defendant is involved.  <u>Id.</u>  There can be no liability under 42 U.S.C. § 1983 unless there is

3  some affirmative link or connection between a defendant's actions and the claimed deprivation.

4  <u>Id.</u>; <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743

5  (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil

6  rights violations are not sufficient.  <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

7       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

8  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

9  complaint be complete in itself without reference to any prior pleading.  This requirement exists

10  because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v.</u>

11  <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

12  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

13  original complaint, each claim and the involvement of each defendant must be sufficiently

14  alleged.

15       In accordance with the above, IT IS HEREBY ORDERED that:

16       1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

17       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

18  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

19  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

20  Director of the California Department of Corrections and Rehabilitation filed concurrently

21  herewith.

22       3.  Plaintiff's complaint is dismissed.

23       4.  Within thirty days from the date of this order, plaintiff shall complete the attached

24  Notice of Amendment and submit the following documents to the court:

25            a.  The completed Notice of Amendment; and

26            b.  An original and one copy of the Amended Complaint.

27  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

28  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

5

1  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

2          Failure to file an amended complaint in accordance with this order may result in the

3  dismissal of this action.

4  Dated:  April 12, 2017

5

6                                                          _____
                                                           KENDALL J. NEWMAN
                                                           UNITED STATES MAGISTRATE JUDGE

7

8  Ser745.14

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LARRY ALTAMIRANO SERMENO,              No. 2: 17-cv-00745 GEB KJN P

12                  Plaintiff,

13        v.                                NOTICE OF AMENDMENT

14   M. IRMER, et al.,

15                  Defendants.

16

17        Plaintiff hereby submits the following document in compliance with the court's order

18   filed_____.

19           _____             Amended Complaint
     DATED:
20

21                                       _____

22                                       Plaintiff

23

24

25

26

27

28